IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MARTIN PEREZ, )<br>)<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>NEDRA CHANDLER, Warden, )<br>)<br>Respondent. ) | No. 03 C 8793<br>Judge Wayne R. Andersen |

## MEMORANDUM, OPINION AND ORDER

This matter comes before the court on respondent's motion to dismiss [26] the petition for writ of habeas corpus filed by Martin Perez pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the motion to dismiss is granted, and the petition is dismissed as untimely.

## BACKGROUND

On October 9, 1997, after a three-day bench trial, Martin Perez was convicted of two counts of first degree murder. On November 6, 1997, Perez was sentenced to a term of incarceration for 35 years. Perez appealed. The Illinois Appellate Court affirmed his conviction and sentence on March 16, 1999. Perez then filed a petition for leave to appeal to the Illinois Supreme Court, and that petition was denied on October 6, 1999.

On January 26, 2000, Perez filed a petition for post-conviction relief. The Circuit Court of Cook County dismissed the post-conviction petition on April 4, 2000. Perez then appealed to the Illinois Appellate Court. On May 22, 2002, the Appellate Court affirmed the dismissal of his post-conviction petition. Perez again filed a petition for leave to appeal to the Illinois Supreme

Court. That petition was denied on December 5, 2002, and the mandate issued on December 27, 2002. Thereafter, Perez filed his petition for writ of habeas corpus in the district court. The parties dispute the filing date of the petition.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner in state custody may petition a district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2244(d)(1) of the AEDPA provides that a state prisoner has one year to file a habeas corpus petition seeking relief from a criminal conviction from the latter of the date on which: (1) the state court judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) an unconstitutional state-created impediment to filing the petitioner's application was removed; (3) "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *See Gutierrez v. Schomig*, 233 F.3d 490, 491 (7th Cir.2000). The one-year limitations period, however, will be tolled while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

As an initial matter, the court must determine on what day Perez is deemed to have filed his habeas petition. Perez contends that he filed his petition for writ of habeas corpus on November 26, 2003 – the day he claims to have placed his petition in the mail system at Dixon

2

Correctional Center. However, the certificate of service filed with the habeas petition was notarized on December 1, 2003. Furthermore, the habeas petition itself, an affidavit attached as an exhibit to the petition and the accompanying motion for appointment of counsel each were signed by Perez and dated December 1, 2003. The documents demonstrate that December 1, 2003 is the appropriate date to use as the filing date.

Next, the court must determine when Perez's conviction became final on direct appeal. Although Perez did not file a petition for a writ of certiorari to the United States Supreme Court after his petition for leave to appeal on direct review was denied, he is entitled to add the 90-day period during which he could have done so to the limitations period. *See Gildon v. Bowen*, 384 F.3d 883, 885-86 (7th Cir. 2004); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). The petition for leave to appeal was denied on October 6, 1999. Ninety days later is January 4, 2000. Thus, the AEDPA one-year statute of limitations' clock began to run on January 4, 2000.

Thereafter, Perez filed a petition for post-conviction relief on January 26, 2000. A properly filed post-conviction petition tolls the statute of limitations as long as that action is pending in the state courts. *See* 28 U.S.C. § 2244(d)(2). Thus, between the conclusion of Perez's direct appeal proceedings on January 4, 2000 and the filing of his post-conviction petition on January 26, 2000, there were 22 days during which the statute of limitations period was not tolled. *Id.*; *see also Tate v. Pierson*, 177 F. Supp. 2d 792, 799 (N.D.Ill. 2001).

Perez's post-conviction petition was properly pending in the state courts until December 5, 2002 – the day on which his petition for leave to appeal was denied. That denial concluded Perez's post conviction appeal. As a result, the one-year statute of limitations' clock under the AEDPA started to run again on December 5, 2002. *See Gutierrez*, 233 F.3d at 491.

3

Perez, however, contends that his post-conviction petition was pending in state court until December 27, 2002 – the day on which the mandate issued and not the day on which the petition was denied. This argument has been considered and rejected by the Seventh Circuit. In *Gildon v. Bowen*, the Seventh Circuit acknowledged that state law controls the issue of when a state action is pending and when it is final. 384 F.3d at 887 (citing *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002)). Moreover, the Seventh Circuit recognized that the judgment of the Illinois Appellate Court is final on the day it is entered and not on the day the mandate issues. *Id.* (citing *PSL Realty Co. v. Granite Inv. Co.*, 427 N.E.2d 563, 569-70 (1981)). Therefore, Perez's state post-conviction proceedings became final on December 5, 2002, and the statute of limitations began to run again.

To calculate the date on which the statute of limitations expired, one year from the date on which Perez's post-conviction appeal became final is December 5, 2003. However, the 22 days during which the statute of limitations was not tolled also must be accounted for in the calculation. Thus, the one-year statute of limitations expired on November 13, 2003, which is more than two weeks before Perez filed his habeas petition on December 1, 2003. Even using the earlier filing date of November 26, 2003 that Perez claims is the appropriate date to use, Perez still filed his habeas petition 13 days after the statute of limitations had expired. Therefore, respondent's motion to dismiss is granted, and the habeas petition is dismissed as untimely.

Even if the habeas petition were not being dismissed as untimely, there are concerns the court has about the merits of amended habeas petition. Perez filed his original habeas petition pro se. After the court's initial review, we appointed counsel to represent Perez, and an amended petition was filed. The amended habeas petition includes similar claims Perez asserted in his pro

4

se petition, including a claim for ineffective assistance of counsel based on counsel's failure to investigate and counsel's failure to call witness.

The availability of an evidentiary hearing on habeas review is addressed in 28 U.S.C. § 2254(e)(2), which provides that a petitioner is not entitled to a hearing if he "has failed to develop the factual basis of a claim in state court proceedings," subject to some narrow exceptions which are not applicable in this case. Although Perez identifies in both his state post-conviction petition, as well as his habeas petition, specific witnesses that his trial counsel failed to contact and contends what these witnesses allegedly would have testified at trial to support his testimony that the firing of the gun was accidental, he did not submit any corroborating affidavits from these alleged witnesses. Under the Illinois Post-Conviction Hearing Act, a claim that trial counsel failed to investigate and call to testify a particular witness should be supported by an affidavit from that witness. *See* 725 ILCS 5/122-2; *People v. Towns*, 182 Ill.2d 491, 503, 696 N.E.2d 1128 (1998). Specifically, a petitioner must attach to his post-conviction petition "affidavits, records, or other evidence supporting its allegations or shall state why the same is not attached. *Id.*

The amended petition, like Perez's state post-conviction petition and his initial habeas petition, is not supported by any corroborating evidence or affidavits other than Perez's self-serving statements that the witnesses would have corroborated his version of the events and speculation that this testimony would have made a difference in the outcome of the trial. Perez knew the factual basis for his ineffective assistance claim at the time he filed his state post-conviction petition, and he did not at that time nor has he here asserted any reason why he did not or could not have attached affidavits from the witnesses he identified. Perez's self-serving claims

about alleged witness testimony or potential exonerating evidence, without more, is not sufficient, and Perez likely would not be entitled to an evidentiary hearing on the merits of his claims.

## CONCLUSION

Based on the foregoing reasons, respondent's motion to dismiss [26] is granted, and the petition for writ of habeas corpus is dismissed with prejudice.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: February 10, 2006